UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MIGUEL TIRADO,

              Petitioner,                            **DECISION AND ORDER**
                                                        **No. 01-CV-6099(VEB)**

        -vs-

DANIEL A. SENKOWSKI, Superintendent,

              Respondent.

---

     *Pro se* petitioner Miguel Tirado ("Tirado" or "Petitioner") was denied habeas corpus relief by this Court in 2005. The Second Circuit Court of Appeals, on March 23, 2010, denied Tirado's request to file a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244(b). Tirado now has moved this Court to reopen his habeas proceeding, arguing that the judgment in his case should be set aside in light of *In re Davis*, 130 S. Ct. 1 (2009), "which clarifies for conducted [sic] a hearing to asses [sic] the reliability of the score of [postconviction] recantation affidavit [sic] for any habeas evidentiary hearing." Petitioner's Motion to Set Aside the Judgment Pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b) Motion") at 3 (Docket No. 32). Tirado states that he is entitled to an evidentiary hearing in this Court regarding the alleged recantation of witness Robert Black ("Black") because the state courts have not granted him evidentiary hearings in connection with his motions to vacate under C.P.L. § 440.10.

     Where a habeas petitioner alleges legal error, a motion may be filed under Rule 60(b)(1) if it is made within one year of the judgment complained of, but Rule 60(b)(6) can also provide relief more than a year after the challenged judgment if the legal error is compounded by

"extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 527 n1 & 528-30 (2005) (noting Rule 60(b)(6) is the appropriate vehicle to pursue relief where a change in the relevant procedural law occurs after the appellate court affirms the district court's judgment). Because Tirado's motion does not fit within any of the first five categories of Rule 60(b), he must rely on the catchall category of Rule 60(b)(6). A habeas petitioner seeking relief under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby,* 545 U.S. 524 (2005) (quoting *Ackermann v. United States,* 340 U.S. 193, 199  (1950)).

With respect to the merits of the Rule 60(b)(6) claim, the Supreme Court has explained that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton,* 521 U.S. 203, 239 (1997); *see also Gonzalez,* 545 U.S. at 536 (remarking that no extraordinary circumstance was presented by the ruling in *Artuz v. Bennett*, 531 U.S. 4 (2000), though it changed the interpretation of the AEDPA statute of limitations); *Mancuso v. Herbert,* 166 F.3d 97, 101 (2d Cir.1999) (intervening decision did not "definitively establish" error and thus was not an "extraordinary circumstance" warranting recall of mandate); *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 757 (2d Cir.1986) (stating that "it is well settled that a change in [Supreme Court] decisional law is not grounds for relief under Rule 60(b)(6)").

In *Sargent v. Columbia Forest Prod., Inc*., 75 F.3d 86 (2d Cir.1996), after analogizing the power to recall a mandate "to the power conferred on district courts by Fed. R. Civ. P. 60(b)" and emphasizing the importance of final judgment, *id.* at 89, the Second Circuit nonetheless held that a "supervening change in governing law that calls into serious question the correctness of the

court's judgment" may constitute an extraordinary circumstance justifying relief, *id.* at 90 (citation omitted). District courts in this Circuit have likewise stated that a Rule 60(b) motion may be granted when an intervening development in the law constitutes an "extraordinary circumstance." *Devino v. Duncan*, 215 F. Supp.2d 414, 417-18 (S.D.N.Y. 2002) (collecting cases).

In *Sargent,* the Second Circuit identified four factors relevant to determining the propriety of recalling a mandate when faced with an intervening change of law. *Sargent,* 75 F.3d at 90. They are as follows: (1) whether the new law is "beyond any question inconsistent" with the earlier decision; (2) whether the moving party notified the court of a pending case or motion that may alter the decisional law; (3) whether "substantial" time had elapsed between the earlier decision and the pending motion; and (4) whether the equities strongly favor the moving party. *Id.*

Tirado relies upon a 2009 Supreme Court decision, *In re Davis,* 577 U.S. ___ , 130 S. Ct. 1, 174 L. Ed.2d 614 (2009). *In re Davis* dealt with a state capital prisoner's habeas petition filed directly with the Supreme Court, seeking to invoke that court's original jurisdiction. Davis argued that he was "actually innocent", pointing to recantations by seven of the State's witnesses. The Supreme Court took the extraordinary step of remanding the petition for an evidentiary hearing to "receive testimony and make findings of fact as to whether evidence that could not have been obtained at the time of trial clearly establishes petitioner's innocence". Interestingly, the majority in *In re Davis* required that the district court conduct the evidentiary hearing on whether Davis' stand-alone substantive actual innocence claim was timely filed without addressing whether such a claim was cognizable in a death-penalty case and if the evidence

-3-

persuaded the district court of Davis' innocence, what relief could possibly be granted given the claim had never been presented to the state courts.

Tirado contends that *In re Davis* requires this Court to conduct an evidentiary hearing regarding Black, who allegedly recanted his trial testimony inculpating Tirado. Here, even if Tirado could establish that this is the type of "rare" situation of an intervening change in case law amounting to extraordinary circumstances, Rule 60(b) relief would not be warranted. This is because *In re Davis* is not representative of "an intervening change in the law *applicable* to the original habeas petition." *In re Davis* concerned a capital habeas petition, while Tirado is a non-capital habeas petitioner. "[T]o the extent *In re Davis* discussed claims of actual innocence, the Supreme Court suggested only that AEDPA's provisions might be unconstitutional if they barred 'relief for a *death row inmate* who has established his innocence.'" *Prost v. Anderson*, 636 F.3d 578,  598 n.14 (10th Cir. 2011) (quoting *In re Davis*, 130 S. Ct. at 2 (emphasis added in *Prost*)). *See also Hodgson v. Warren*, 622 F.3d 591 (6th Cir. 2010) (rejecting district court's conclusion that proof of a constitutional violation (here, ineffective assistance of counsel) can serve as a gateway for a freestanding claim of actual innocence, and that petitioner was entitled to a new trial on the basis of newly discovered evidence that tended to show he was actually innocent of the crimes for which he was convicted; although the Supreme Court has assumed for the sake of argument "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional," *Herrera* 506 U.S. at 417, *cf. In re Davis,supra*, "Hodgson's case is not a capital one.").  In short, *In re Davis* is not applicable to Tirado's case.

Accordingly, Tirado's Rule 60(b)(6) motion (Docket No. 32) is **denied** with prejudice

because he has not demonstrated in a timely manner the "extraordinary circumstances" required to grant relief. Because Tirado has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

     **IT IS SO ORDERED.**

/s/ Victor E. Bianchini

_____
     VICTOR E. BIANCHINI
     United States Magistrate Judge

DATED:     June 10, 2011
          Rochester, New York